# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
|  | : | Crim. No. 09-806 (KM) |
| v. | : | |
|  | : | |
| DAMIEN SPENCER, | : | **MEMORANDUM & ORDER** |
|  | : | |
| Defendant. | : | |

    Mr. Spencer pled guilty to possession with intent to distribute in excess of 500 grams of cocaine, in violation of 21 U.S.C. § 841(a)(1) & (b)(1)(B), and possession of a firearm in furtherance of that drug offense, in violation of 18 U.S.C. § 924(c). On March 21, 2012, District Judge Dennis M. Cavanaugh sentenced Mr. Spencer to consecutive sentences of 46 months' imprisonment on the drug offense and 5 years on the firearm offense, as well as 5 years' supervised release. In January 2020, Mr. Spencer was released from custody. Now before the Court is Mr. Spencer's motion (DE 59), pursuant to 18 U.S.C. § 3583(e), for early termination of his term of supervised release.[1] For the reasons stated herein, the motion is denied.

    A threshold issue is waiver. Mr. Spencer's plea agreement contains a waiver provision:

> DAMIAN SPENCER knows that he has and . . . voluntarily waives, the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255, which challenges the sentence imposed by the sentencing court if that sentence falls within or below the Guidelines range that results from a total Guidelines offense level of 23.

(DE 45 at 9; *see also id.* at 2 (advising that the court "must" impose a term of supervised release of at least four years)). The U.S. Court of Appeals for the

---

[1]     Judge Cavnaugh having retired in the interim, the case was recently reassigned to me. (DE 58)

Third Circuit construed a District of New Jersey plea agreement containing substantively identical language in *United States v. Damon*, 933 F.3d 269, 272 (3d Cir. 2019). *Damon* affirmed the district court's denial of that defendant's post-imprisonment motion, pursuant to 18 U.S.C. § 3583, to shorten his term of supervised release. After exhaustive analysis, *Damon* held that the defendant's plea agreement waived such a challenge, because shortening of the term of supervised release would constitute a .

To be enforceable, a waiver in a plea agreement must meet three criteria: that "(1) [] the issues [defendant] pursues on appeal fall within the scope of his appellate waiver and (2) that he knowingly and voluntarily agreed to the appellate waiver, unless (3) enforcing the waiver would work a miscarriage of justice." *United States v. Damon*, 933 F.3d 269, 272 (3d Cir. 2019) (quoting *United States v. Corso*, 549 F.3d 921, 927 (3d Cir. 2008)). There is no challenge to the scope of the plea agreement or the voluntariness of the plea. Mr. Spencer argues only that he has reformed, and that his exemplary conduct in the last two years demonstrates that further supervision is unnecessary. Such considerations present a judgment call at best, and do not rise to the level of a miscarriage of justice.

*Damon* forecloses the argument that "sentence," as used in the plea agreement, does not encompass the supervised release component. To be sure, *Damon* involved the waiver of an appeal from the denial of an application for early termination of supervised release, rather than the application itself. Still, the logic is parallel; *Damon* construes them together, and the waiver itself speaks in the broadest possible terms, waiving "any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255 or any other application for relief."

*Damon* also raised, but did not resolve, a second threshold issue: whether the district court is empowered to shorten a term of supervised release below the mandatory minimum of "at least 4 years" imposed by 21 U.S.C. §

841(b)(1)(B). *See* 933 F.3d at 275 n.3. The government, citing *Damon,* states that it does not rely on this argument.

All of that said, *Damon* has been distinguished from time to time. *See United States v. Mabry,* 528 F. Supp. 3d 349, 354 (E.D. Pa. 2021) (E.D. Pa. plea agreement with narrower waiver language); *United States v. Harris,* 14-CR-00434 (PGS), 2021 WL 4342091, at *3 (D.N.J. Sept. 23, 2021) (request originating from Probation Office, as opposed to motion by defendant); *United States v. Fluellen*, No. CR 09-497-1, 2022 WL 309159, at *5 (E.D. Pa. Feb. 2, 2022) (E.D. Pa. plea agreement with narrower waiver language).

To remove doubt, I set aside the threshold issues and consider the application. As relevant here, the statute provides as follows:

> (e) Modification of Conditions or Revocation.—The court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)—
>
> (1) terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice . . . .

18 U.S.C. § 3583(e). The court need not make detailed findings as to each of the relevant § 3553(a) factors, but must indicate that it has considered them. *See United States v. Melvin*, 978 F.3d 49, 52–53 (3d Cir. 2020). I have done so.[2]

---

[2] For convenience, the relevant sections of § 3553(a) are quoted here:

**(a) Factors To Be Considered in Imposing a Sentence.—** . . . The court, in determining the particular sentence to be imposed, shall consider—

**(1)** the nature and circumstances of the offense and the history and characteristics of the defendant;

**(2)** the need for the sentence imposed— . . .

**(B)** to afford adequate deterrence to criminal conduct;

**(C)** to protect the public from further crimes of the defendant; and

My denial of this motion rests, in part, on the nature of the offense, and the need for a sentence that reflects the seriousness of the offense, promotes respect for the law, provides deterrence, and protects the public. The offense conduct consisted of Mr. Spencer's transportation of some 1.5 kilograms of cocaine and possession of a loaded handgun in an automobile with a secret compartment, in circumstances indicative of a trafficking operation. The statutory term of "at least 4 years" of supervised release, whether or not binding here, is an expression of

---

**(D)** to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; . . .

**(4)** the kinds of sentence and the sentencing range established for—

**(A)** the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines—

**(i)** issued by the Sentencing Commission pursuant to section 994(a)(1) of title 28, United States Code, subject to any amendments made to such guidelines by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and

**(ii)** that, except as provided in section 3742(g), are in effect on the date the defendant is sentenced; or

**(B)** in the case of a violation of probation or supervised release, the applicable guidelines or policy statements issued by the Sentencing Commission pursuant to section 994(a)(3) of title 28, United States Code, taking into account any amendments made to such guidelines or policy statements by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28);

**(5)** any pertinent policy statement—

**(A)** issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28, United States Code, subject to any amendments made to such policy statement by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and

**(B)** that, except as provided in section 3742(g), is in effect on the date the defendant is sentenced.[1]

**(6)** the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

**(7)** the need to provide restitution to any victims of the offense.

Congress's intent that such an offender be supervised for an extended period.

Mr. Spencer stresses his positive personal characteristics and efforts at rehabilitation. These are thoroughly admirable, and are to be applauded. During his 26 months of supervised release thus far, he apparently has relinquished his prior associations, and resides in Georgia. There, he has maintained steady employment, complied with supervision, stayed on the right side of the law, and participated in charitable programs. Supervision appears to be fairly minimal; the probation office in Georgia requires only that he verify employment monthly, and I am informed that it does not oppose the motion.

The "x" factor is that Mr. Spencer, at the time he committed these offenses, appeared to be leading a life just as admirable, if not more so. At sentencing, the Court and experienced defense counsel frankly expressed bafflement that a person of his evident character, athletic ability, and charitable spirit could commit such an offense. (Sentencing Tr., DE 55) Nevertheless, he did.

The remaining applicable § 3553(a) factors do not weigh significantly in either direction.

The Court is neither distrustful nor cynical, but further supervision appears appropriate. Supervision is functioning as intended, and appears to be succeeding. The level of supervision appears to impose no great hardship. Should conditions of supervision interfere with such worthy rehabilitative goals as maintenance of employment, Mr. Spencer may request that his supervising officer modify them. At the present time, however, complete termination is not advisable.

## ORDER

Accordingly, for the reasons expressed above,

IT IS this 7th day of March, 2022,

ORDERED that the defendant's motion for early termination of supervised release (DE 59), pursuant to 18 U.S.C. § 3583(e), is DENIED.

/s/ Kevin McNulty
_____
KEVIN MCNULTY
United States District Judge